**STATE ex v GREEN et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11369. Decided April 27, 1931

SHERICK, PJ, (5th Dist) and LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

Messrs. Spring & Sayre, Cleveland, for plaintiff.
Messrs. Collister, Westenhaver, Douglass, Miller, and Burton, Cleveland, for defendant.

SHERICK, PJ.

The question presented turns upon the construction to be placed upon the wording of that part of the Civil Service Act of the State of Ohio which bears §486-8 GC. That section, or the portion thereof pertinent reads as follows:

"Three secretaries, assistants or clerks and one personal stenographer for each of the elective state officers; and two secretaries, assistants or clerks and one personal stenographer for other elective officers, boards or commissions, except civil service commissions, authorized by law to appoint such secretary, assistant or clerk and stenographer."

It is further provided in this same section that the classified service shall comprise all persons in the employ of the several counties not specifically included in the unclassified service. Therefrom it is clear that the employees listed on the County Commissioners payroll as exempted from classified service are included in the classified service unless specifically included in the unclassified service designated under §486-8 GC.

Returning now to a consideration of the statute in question, we are certain that County Commissioners are not elective state officers, but as individuals we well recognize that the members of a Board of County Commissioners are elective officers. Now the statute to this point we consider embraces fully the situation which develops in the county offices in the smaller counties of the State, and we appreciate the fact that this number of employees specified by the statute would not be sufficient in a county the size of Cuyahoga, but we feel in an interpretation of the balance of the portion of the statute to be construed that such should receive a construction that will not nullify any other plain provision of the statutes and considering the proposition as advanced by the Commission that the County Board of Commissioners are each individually entitled to the appointment of a stenographer and two secretaries or clerks, we are unable to appreciate and understand that the leg-

islature had any such intention.

It will be noted that the last portion of the statute quoted that the word "boards" or "commissions" is used except civil service commissions, and then, it recites after the interpretation of a comma "authorized by law to appoint such secretary, assistant or clerk and stenographer."

Now we know of no provision of the law that permits a county commissioner in his individual capacity to make an appointment and upon turning to §2409 GC we find that it is provided that if such board finds it necessary for the clerk to devote his entire time to the discharge of the duties of such position, it may appoint a clerk in place of the county auditor and such necessary assistants to such clerk as the board deems necessary. Such clerks shall perform the duties required by law by the board.

Now it seems plain from this statute that it is the board's power to appoint its clerks and assistants and not the duty and power of the individual members of the board, and we must keep in mind further the fact that county commissioners have no power other than such as may be given them by express provision of law.

Sec 486-8 if strictly construed, might lead to the conclusion that the board of commissioners had no such power of appointment, but we do not believe that the statute considered with other related statutes warrants this court in so determining. It is therefore our conclusion that the board of county commissioners had no right to include therein a greater number than three as being in the unclassified service; that is to say that the contention of defendants that the board has power to so certify nine is untrue and not warranted by the statute, and it follows that in that respect the injunction will be made perpetual.

Considering now the further question as to the two blind relief clerks so certified in this list of fourteen of which complaint was originally made, we are of the opinion that these two clerks are in the unclassified service and exempt from examination by virtue of §2968 GC. That section of the statute contains the following language:

"The Board of County Commissioners may in their discretion appoint such clerks as they deem necessary for the purpose of investigating the qualifications, disability and needs of any person who has theretofore been placed on the blind list, or who has made an application to be placed on such list. Said clerk shall be known as blind relief clerks and shall serve for such length

of time only as said county commissioners prescribe and may be discharged by said commissioners at any time."

It therefore is significant that the appointment of these two clerks was for a temporary period and to end at a specified time and we deem it essential to a consideration of this section, and it is significant that the commissioners are not only given the power of appointment, but are given likewise the power to discharge and this to our notion precludes the thought that these two clerks could be in the classified service and in respect thereto that portion of the plaintiff's petition for injunctive relief will be denied.

And coming to the question of the classification of the jail physician, it appears and is conceded that the Board of Commissioners certified the name of this employe as jail physician to the State Civil Service Commission as being a deputy in the unclassified service under §486-8A9 GC and from plaintiff's Exhibit A, attached to the record in this case, it appears that the Commission entered the jail physician's appointment as a deputy in the unclassified service with the specific reservation that the approval may be revoked. It, therefore appears that this appointment was purely temporary and it is the view of this court that the Civil Service Commission had power and authority under the statutes to make this provisional appointment. The matter of competitive examination for the rendering of professional services rather seems as unwarranted and we believe that the Commission recognized this fact and holding as we do that the appointment is temporary, the same order will be made as to the jail physician as hereinbefore made concerning the blind relief clerks. An entry may be drawn in accordance with the finding herein announced. Exceptions may be noted.

LEMERT and MONTGOMERY, JJ, concur.